# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**IRVIN JAYOINE LEE BAKER,**

    Petitioner,

**v.**

                                          **CIVIL ACTION NO.: 3:15-CV-31**
                                          **CRIMINAL ACTION NO.: 3:14-CR-41-1**
                                            **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. Magistrate Judge Seibert issued his R&R [ECF No. 136] on July 12, 2016. In the R&R, he recommends that the Petitioner's 28 U.S.C. § 2255 Petition [ECF No. 84] be denied and dismissed with prejudice. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Seibert's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at Federal Correctional Institution, Cumberland, on July 15, 2016. On August 8, 2016, the Petitioner filed a motion for extension of time to file objections [ECF No. 139], which the Court granted on August 10, 2016. ECF No. 140. In its Order, the Court gave the Petitioner until September 2, 2016, to file any objections to the Magistrate Judge's R&R. To date, no objections have been filed. Therefore, after allowing for additional time to ensure personal receipt, the Court finds that the deadline for the Petitioner to submit objections to the R&R has passed. Accordingly, this Court will review the R&R for clear error.

Upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation [ECF No. 136] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

The Court construes the Petitioner's pending Motion to Amend [ECF No. 135] as a motion to supplement his § 2255 Petition.

Accordingly, the Court **GRANTS** the Motion to Amend [ECF No. 135], **GRANTS** the Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment [ECF No. 103], **DENIES** the Petitioner's 28 U.S.C. § 2255 Petition [ECF No. 84] and **ORDERS** that the same be **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent, pursuant to Federal Rule of Civil Procedure 58.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED:** November 18, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE